UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GARY WAYNE BETZNER,

        Petitioner,

vs.                                      Case No. 3:09-cv-938-J-34TEM

UNITED STATES,

        Respondent.
_____

## **ORDER**

Petitioner Gary Wayne Betzner, who is proceeding pro se, initiated this action by filing a "Petition for a Writ of Coram Nobis; a Writ of Mandamus Alternatively" (Petition) (Doc. #1) pursuant to the All Writs Act, 28 U.S.C. § 1651, on September 14, 2009. Petitioner Betzner challenges his federal sentence of two concurrent ten-year terms of special parole in Case No. 84-cr-157-J-14.[1] He claims that the Sentencing Reform Act of 1984 eliminated special parole, and therefore the Court sentenced him in excess of the statutory authority. Noting that he has completed his term of incarceration, but is still on special parole under the authority of the United States Parole Commission (USPC), Petitioner requests

---

[1] The Court takes judicial notice of the documents within the case file in Case No. 84-cr-157-J-14.

this Court to vacate the concurrent ten-year terms of special parole and void the USPC's assertion of jurisdiction over him as a special parolee. This Court construes this action to be a motion to vacate, set aside, or correct Petitioner's sentence, filed pursuant to 28 U.S.C. § 2255.

Petitioner previously challenged his January 16, 1986, federal sentence in this Court by filing a motion to vacate or set aside the special parole term in Case No. 84-cr-157-J-14 pursuant to 28 U.S.C. § 2255. See Case No. 84-cr-157-J-14, Motion to Set Aside Special Parole Term (Doc. #351), filed February 27, 1995. The Court granted in part and denied in part his motion, stating that: the portion of the Judgment and Probation/Commitment Order (Doc. #307) sentencing him to a ten-year term of special parole pursuant to 21 U.S.C. § 841(b)(1)(A) on count four is vacated; however, the remainder of the Judgment and Probation/Commitment Order remains unchanged, including the ten-year term of special parole imposed pursuant to 21 U.S.C. § 960(b)(1) on count three. See Case No. 84-cr-157-J-14, Order (Doc. #352), filed March 3, 1995.

Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, a federal prisoner is permitted to file a second or successive post-conviction motion "in only the narrowest of circumstances." Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1999).

> [F]ederal prisoners who want to file a second
> or successive motion to vacate, set aside, or

> correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:
>
>> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255.

In re Blackshire, 98 F.3d 1293 (11th Cir. 1996) (per curiam).

Thus, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek the requisite authorization from the Eleventh Circuit. The Court notes, however, that the dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for filing a motion pursuant to § 2255.

Furthermore, insofar as Petitioner attempts to bring this action pursuant to 28 U.S.C. § 2241, his claims are not properly before this Court. A petitioner may bring an action under 28 U.S.C. § 2241 only if the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The emphasized portion of the above-quoted section is referred to as the "saving clause." Wofford, 177 F.3d at 1239.

> The savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised." [Wofford,] . . . at 1244.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005).

The Court notes that the § 2255 remedy is "not undermined simply because [Petitioner] has allowed the one-year statute of limitations to expire." Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) (per curiam). Additionally, Petitioner may not attempt "to use § 2241 simply to escape the restrictions on second or successive § 2255 motions." Wofford, 177 F.3d at 1245.

Petitioner has failed to come "forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy . . . ." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.

1979) (per curiam) (citation omitted). Additionally, Petitioner's claims do not meet the criteria announced in Wofford to fall within the savings clause of § 2255. Thus, Petitioner's claims are not cognizable in a § 2241 action.

Petitioner also attempts to raise his claims pursuant to the All Writs Act, 28 U.S.C. § 1651.

> The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he All Writs Acts [sic] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985). Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. Accordingly, common law writs, such as coram nobis and audita querela, survive only to the extent that they fills [sic] gaps in the system of federal post-conviction remedies. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the common law "writ of audita querala may not be granted when relief is cognizable under § 2255"). Moreover, the Act does not create any substantive federal jurisdiction; "rather, it empowers a federal court-in a case in which it is already exercising subject matter jurisdiction-to enter such orders as are necessary to aid it in the exercise of such jurisdiction." In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).

Morales v. Florida Dep't of Corr., No. 08-16732, 2009 WL 3089106, at *1 (11th Cir. Sept. 29, 2009) (per curiam).  Because Petitioner has an adequate statutory remedy for attacking his conviction pursuant to 28 U.S.C. § 2255, he may not raise his claims pursuant to the All Writs Act.

Therefore, for all of the above-stated reasons, it is now

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice to Petitioner's right to file a second or successive motion pursuant to 28 U.S.C. § 2255 if Petitioner receives authorization to do so from the Eleventh Circuit. Petitioner must submit a copy of such authorization with his motion or the motion will be summarily dismissed.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2009.

MARCIA MORALES HOWARD
United States District Judge

sc 10/13
c:
Gary Wayne Betzner